FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★     2 6 2013     ★

LONG ISLAND OFFICE

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
KENNETH R. FRANK,

                         Plaintiff,

        -against-                                    13-CV-0848(SJF)(GRB)

UNITED STATES FEDERAL BUREAU OF
INVESTIGATION and DEPARTMENT OF
JUSTICE OFFICE OF INSPECTOR GENERAL,

                         Defendants.
------------------------------------------------------------X
KENNETH R. FRANK,

                         Plaintiff,
                                                     13-CV-0947(SJF)(GRB)
        -against-
                                                     ORDER
UNITED STATES OFFICE OF THE
ATTORNEY GENERAL,

                         Defendant.
------------------------------------------------------------X
```

FEUERSTEIN, District Judge:

On February 14, 2013, *pro se* plaintiff Kenneth R. Frank ("plaintiff") commenced an action, ostensibly pursuant to 42 U.S.C. § 1983, against defendants United States Federal Bureau of Investigation ("FBI") and the Department of Justice Office of Inspector General alleging, *inter alia*, that ever since he was a "whistle blower" in a "mortgage-related scenario" in 2007, the FBI has "impugned" him and "have [sic] physically attacked [him] with actual aircraft" and "ground vehicles." (Compl., ¶ III(C)). On February 21, 2013, plaintiff commenced a second action, also ostensibly pursuant to 42 U.S.C. § 1983, against defendant United States Office of the Attorney General ("USAG") alleging, *inter alia*, that the USAG "has probably been informed" that he

1

"ha[s] been mutilated physically and psychologically by federal, state and local law enforcement as [he] was a whistleblower in a mortgage processing scenario in 2007," insofar as "federal authorities clearly have impugned [him] * * * [and] have jeopardized [his] life with attack helicopters," but "has turned a blind eye when they are the only ones who could stop the brutalization." (Compl., ¶ III(C)).

I.   Consolidation

Rule 42(a) of the Federal Rules of Civil Procedure provides that "[i]f actions before the court involve a common question of law or fact, the court may: * * * consolidate the actions; or issue any other orders to avoid unnecessary cost or delay." See Devlin v. Transportation Communications Intern. Union, 175 F.3d 121, 130 (2d Cir. 1999). District courts have broad discretion to determine whether consolidation is appropriate, see Johnson v. Celotex Corp., 899 F.2d 1281, 1284-1285 (2d Cir. 1990), and may consolidate actions under Rule 42(a) *sua sponte*. See Devlin, 175 F.3d at 130. Consolidation "should be prudently employed as a valuable and important tool of judicial administration, * * *, invoked to expedite trial and eliminate unnecessary repetition and confusion." Devlin, 175 F.3d at 130 (internal quotations and citations omitted). Nonetheless, although considerations of judicial economy generally favor consolidation, "[c]onsiderations of convenience and economy must yield to a paramount concern for a fair and impartial trial." Johnson, 899 F.2d at 1285; see also Chem One, Ltd. v. M/V RICKMERS GENOA, 660 F.3D 626, 642 (2d Cir. 2011); Devlin, 175 F.3d at 130 ("[E]fficiency cannot be permitted to prevail at the expense of justice * * *.") In determining whether consolidation is appropriate, the court must consider:

> Whether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses, and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

Johnson, 899 F.2d at 1285 (internal quotations and citations omitted).

Both actions were recently filed, have not yet proceeded to discovery and involve similar allegations relating to purported harassment and civil rights violations by law enforcement officials, and a failure to investigate such conduct, and there will be minimal, if any, prejudice or confusion to the parties in consolidating these actions. Therefore, in the interests of judicial economy and efficiency, and to minimize the expense and burden on all parties in prosecuting and defending multiple lawsuits, the two (2) actions are consolidated for all purposes. The actions will proceed under docket number 13-cv-0848 (the "lead case"), all papers filed in these actions shall henceforth bear only the lead case docket number, the caption of this consolidated action shall be amended in accordance with this Order and the action assigned docket number 13-cv-0947 shall be administratively closed.

II. Conclusion

For the foregoing reasons, it is hereby,

ORDERED that the above-designated actions are consolidated for all purposes, including trial, to proceed under docket number 13-cv-0848; and it is further,

ORDERED that the Clerk of Court shall: (1) amend the caption of the lead case in accordance with this Order, (2) administratively close the action under docket number 13-cv-

0947; and (3) pursuant to Rule 77(d)(1) of the Federal Rules of Civil Procedure, serve notice of entry of this order upon all parties in accordance with Rule 5(b) of the Federal Rules of Civil Procedure, including mailing a copy of this order to plaintiff's address of record pursuant to Rule 5(b)(2)(C).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed.2d 21 (1962).

SO ORDERED.                                s/ Sandra J. Feuerstein

                                           _____
                                           Sandra J. Feuerstein
                                           United States District Judge

Dated: February 26, 2013
       Central Islip, New York