UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
KENNETH R. FRANK,

                     Plaintiff,

          -against-                           ORDER
                                                    13-CV-00848(SJF)(GRB)
UNITED STATES FEDERAL BUREAU OF
INVESTIGATION and the DEPARTMENT OF
JUSTICE, OFFICE OF THE INSPECTOR
GENERAL,

                     Defendants.
----------------------------------------------------------X

FEUERSTEIN, J.

I.    Introduction

       *Pro se* plaintiff Kenneth R. Frank ("plaintiff") has filed two (2) complaints against the United States and various federal agencies alleging that he is the target of an attack by helicopters in retaliation for his having been a "whistleblower" in connection with an alleged mortgage processing scheme. The first complaint, assigned docket number 13-CV-00848, was filed on February 14, 2013 against the United States Federal Bureau of Investigation ("FBI") and the Department of Justice, Office of the Inspector General ("DOJ"). On February 21, 2013, plaintiff filed a second complaint, assigned docket number 13-CV-00947, against the Office of the Attorney General of the United States. On February 26, 2013, the Court consolidated the cases. [Docket Entry No. 4]. Notwithstanding plaintiff's payment of the filing fee for each case, his complaints are *sua sponte* dismissed with prejudice for the reasons that follow.

II.    The Complaints

       Both complaints allege that plaintiff has been targeted by the United States government for

surveillance because he was a "whistleblower in a mortgage processing scenario in 2007." Complaints at ¶ III.C. Plaintiff complains that, instead of using "'normal' surveillance as they investigate, they have jeopardized my life with attack helicopters - in certain cases missing me by less than 8 feet." Compl., No. 13-CV-00947 at ¶ III.C. Plaintiff claims to have been "mutilated physically and psychologically" and has lost four (4) years of his life "as law enforcement has, without any respect for laws, come at me with the possibility of death by direct hit or heart attack." Id. The complaint assigned docket number 13-CV-00848 similarly alleges that the FBI has "physically attacked me with actual aircraft," and that plaintiff "ha[s] 800 videos of abuses that range from harrassment [sic] to -seemingly- very clear attempts to harm me or worse. Helicopters have been sent to dip into my car within feet of me." Compl., No. 13-CV-00848 at ¶ III.C. Plaintiff claims to have lost over four (4) years of his life "dodging helicopters" and seeks an injunction directing the defendants to cease their abuse. Plaintiff also seeks to recover a damages award totaling six million dollars ($6,000,000).

III. Discussion

    A. <u>Standard of Review</u>

Irrespective of whether they are drafted *pro se*, all complaints must contain at least "some minimum level of factual support for their claims . . . ." <u>Alfaro Motors, Inc. v. Ward</u>, 814 F.2d 883, 887 (2d Cir. 1987). Furthermore, a district court has the inherent power to dismiss a case, *sua sponte*, if it determines that the action is frivolous or the court lacks jurisdiction over the matter, regardless of whether a plaintiff has paid the filing fee. Fed. R. Civ. P. 12(h)(3); <u>Fitzgerald v. First E. Seventh St. Tenants Corp.</u>, 221 F.3d 362, 363-364 (2d Cir. 2000). "An action is frivolous if it lacks an arguable basis in law or fact - - i.e., where it is 'based on an indisputably meritless legal

2

theory' or presents 'factual contentions [which] are clearly baseless.'" Scanlon v. Vermont, 423 F. App'x. 78, 79 (2d Cir. 2011) (summary order) (quoting Neitzke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed. 2d 338 (1989). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible whether or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 33, 112 S.Ct. 1728, 1733 118 L.Ed.2d 340 (1992).

Here, plaintiff's claims are not plausible and are factually frivolous. Even according plaintiff the "'special solicitude'" to which he is entitled as a *pro se* party, see Shabazz v. Bezio, No. 12-674, 2013 WL 406693, *1 (2d Cir. Feb. 4, 2013) (quoting Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474–75 (2d Cir. 2006) (*per curiam*)), his claims that the United States government is "jeopardizing his life with attack helicopters" are "fanciful," "fantastic," and "delusional," and are precisely the type of claims that may be dismissed *sua sponte* as frivolous.[1] Denton, 504 U.S. at 33, 112 S.Ct. at 1733. Therefore, plaintiff's complaints are dismissed.[2] See, e.g., Morse v. Network of Al-Queda Attorneys, No. 12-CV-1102(JFB)(WDW), 2012 WL 1155821, *5 (E.D.N.Y. Apr. 5, 2012) (citations omitted). Because the "problem with [plaintiff's] complaint is substantive [and] better

---

[1] It is also likely that this Court lacks subject matter jurisdiction over this action because plaintiff has failed to allege that he exhausted his administrative remedies, which he is required to do in order to bring a tort claim against an agency of the federal government such as the FBI or DOJ. See e.g., 28 U.S.C. § 1346(b)(1); Celestine v. Mount Vernon Neighborhood Health Ctr., 403 F.3d 76, 80 (2d Cir. 2005).

[2] Plaintiff is cautioned that Federal Rule of Civil Procedure 11 applies to *pro se* litigants, Ginther v. Provident Life and Cas. Ins. Co., 350 F. App'x. 494, 496 (2d Cir. 2009) (upholding a district court's imposition of sanctions against a pro se litigant), and that the Court may consider imposing sanctions in the event that further frivolous complaints are filed. See Fed. R. Civ. P. 11.

pleading will not cure it," the Court dismisses this action with prejudice. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).

Plaintiff's pending motion for the appointment of counsel [Docket Entry No. 8] is denied as moot.

## CONCLUSION

For the reasons set forth above, the plaintiff's complaints are *sua sponte* dismissed with prejudice. The Clerk of the Court is respectfully directed to close this case. Although plaintiff paid the filing fee in this Court, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and therefore denies *in forma pauperis* status for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

s/ Sandra J. Feuerstein

Sandra J. Feuerstein
United States District Judge

Dated: March 5, 2013
Central Islip, New York